ORIGINAL



FILED

05/29/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0301

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0301

---

HARLAN GERALD VASKA,

Petitioner,

v.

MONTANA STATE PRISON FOOD FACTORY,
CARRIE WALSTAD, DAVID MCDONALD,

Respondents.

---

ORDER

FILED

MAY 2 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Harold Gerald Vaska has filed a "Motion to Compel" that the Clerk of the Supreme Court has deemed a petition for a writ of mandamus.

Vaska requests that this Court "[c]ompel the Powell County Sheriff Gavin Roselles to serve SUMMON to Carrie Wolstad and Ron McDonald." (Emphasis in original.) Citing to M. R. Civ. P. 37(a)(2), Vaska provides the rule, stating "[a] motion for an order to a party must be made in the court where the action is pending." Arguing that the summons was not served correctly and acknowledging that he is not a "Lawyer," he asks for assistance from this Court.[1] Vaska's additional complaint is that his inmate trust account reflects two deductions of certified mailings to the additional named defendants, yet those mailings do not appear on the listing of incoming and outgoing mail.

Vaska has the correct rule. The appropriate court under this rule, however, is the Powell County District Court—not this Court. We add that a motion to compel is not for directing the Sheriff to act. M. R. Civ. P. 37. We secured a copy of the District Court's register of actions. There are only seven filings at this point. Vaska filed his complaint on October 11, 2023, along with his motion to proceed without paying the filing fee. We

---

[1] Through counsel, Vaska has an unrelated, criminal appeal pending before this Court. *State v. Vaska*, No. DA 23-0096.

observe that a summons was issued on that same day. Vaska filed a motion for summary judgment on January 22, 2024, and on January 31, 2024, a notice of limited appearance was filed as well as a response to Vaska's summary judgment motion. Vaska then filed his Motion to Compel on March 11, 2024, in the District Court.

Vaska contends that the correct procedure to serve a summons has not been followed. *"In an action at law or a suit in equity, in the absence of voluntary appearance of a defendant,* a summons is the instrument by which the court obtains jurisdiction of the person of the defendant. The service of the summons is the method by which the court brings the defendant within its jurisdiction." *Deich v. Deich,* 136 Mont. 566, 577, 323 P.2d 35, 41 (1958) (emphasis in original). His attachments and the register of actions appear to show otherwise. Vaska includes a copy of the summons, issued by the court, as noted in the register of actions; his summons has been served. We point to the limited appearance of counsel in the underlying proceeding in January 2024. M. R. Civ. P. 4(b)(2). Vaska's attached Kite notes the certified mail receipts to the additional, named defendants with the date and time of their return.[2]

To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.,* 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. This type of proceeding, a writ of mandate, must be commenced in accordance with Montana's statutes. M. R. App. P. 14(2).

Vaska has not commenced this proceeding under Montana statutes, and he cannot demonstrate a clear legal duty under mandamus. Section 27-26-102, MCA. This Court cannot entertain a motion to compel. The scope of the Montana Rules of Civil Procedure

---

[2] Vaska's question about the certified mailings not included on the dated list of outgoing mail should be directed to Crossroads Correctional Center and its process for mailing such items. *See* DOC Policy 3.3.6, Offender Mail (2022) (Legal or Privileged Correspondence includes "any correspondence or documents (e.g., a summons and complaint) sent to a sheriff's office for service of process.").

applies to district courts. M. R. Civ. P. 1. Vaska's remedy lies with his pending civil case in the Powell County District Court.

Therefore,

IT IS ORDERED that Vaska's deemed Petition for Writ of Mandamus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Ray J. Dayton, District Court Judge; Jill Paull, Clerk of District Court, under Cause No. DV-23-81; counsel of record, and Harlan Gerald Vaska personally.

DATED this 29th day of May, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3